**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| ANN WILLIAMS GROUP, LLC | ) | |
| A Michigan Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-11744 |
| | ) | |
| TARA TOY CORP., | ) | |
| A New York Corporation, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Ann Williams Group ("AWG") hereby alleges by way of complaint against defendant, Tara Toy Corp., ("Tara") as follows:

**THE PLAINTIFF AND THE PATENTS IN SUIT**

1.     AWG is a Michigan Corporation with a principal place of business at 784 Industrial Court, Bloomfield Hills, Michigan 48302.

2.     AWG is the owner by assignment of U.S. Patent Nos. 8,234,851 ("the '851 patent") [Ex. A] and continuing patent applications and publications that are pending.

3.     The inventions of the patents in suit, the applications for which claim priority of January 24, 2011, are directed to a device and method for creating articles and/or fashion accessories, and a method of using the device "to create articles and/or fashion accessories such as friendship type bracelets, necklaces, rings, belts, headbands, or the like." *See, e.g.,* '851 Patent, col. 1, lines 16-20.

4.     Representative claim 1 of the '851 patent reads:

A method comprising:

a. obtaining a device for making a bracelet comprising:

i. a body portion having a longitudinal axis, a first end region and a

second end region spaced apart from the first end region;

ii. a platform on the body portion;

iii. a first support located at the first end region and projecting outwardly from the platform, the first support having an inner Wall and an outer wall;

iv. a second support located at the second end region and projecting outwardly from the platform, the second support having an inner wall and an outer wall;

v. a first holder positioned adjacent the inner wall of the first support and being adapted to receive a first end portion of at least one first flexible medium;

vi. a rotation device positioned adjacent the outer wall of the first support and drivingly coupled with the first holder for causing the first holder to rotate about an axis that is generally parallel to the longitudinal axis of the body portion;

vii. a second holder opposing the first holder and being adapted for receiving a second end portion of the at least one first flexible medium, the second holder being positioned adjacent the inner wall of the second support and being spaced from the first holder for defining a work area;

b. securing the at least one first flexible medium in the first holder and the second holder forming a core;

c. wrapping the at least one first flexible medium or an at least one second flexible medium around the core;

d. rotating the rotation device to cause winding of the at least one first flexible medium or the at least one second flexible medium in consecutive adjoining loops around the core forming an article; and

e. applying a knot simulator, tying a knot, or both in the article at a point along a length of the article so that the article can be used as a bracelet.

5.      AWG manufactures the Loopdedoo product, which practices the inventions of the patents

in suit including claim 1.  Printed material associated with the Loopdedoo product is marked in

compliance   with   virtual   patent   markings   under   35   U.S.C.   §   287   at

2

http://www.annwilliamsgroup.com/pages/patents with the numbers of the patents in suit and/or the applications therefor.

## THE DEFENDANT AND THE ACCUSED PRODUCTS

6.      Tara is a New York Corporation with a principal place of business at 40 Adams Avenue Hauppauge, New York 11788.

7.      Tara offers to sell and sells its Disney Frozen Forever Friends Bracelet Maker in this Judicial District to, *e.g.,* Toys R Us stores located in such District.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1338(a).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

10.     This Court has personal jurisdiction over Tara by virtue of Tara's continuing business operations in this Judicial District by continuing to introduce sales into this Judicial District.

## Count I – Infringement of the '851 Patent

11.     AWG hereby incorporates by reference paragraphs 1-10.

12.     Disney Frozen Forever Friends Bracelet Maker infringes the claims of the '851 patent, as demonstrated in the claim chart attached hereto as Exhibit B.

13.     AWG has been irreparably injured by Tara's infringement of the '851 patent.

14.     Upon information and belief, Tara's infringement of the '851 patent has been willful.

WHEREFORE, AWG respectfully requests that this Court order:

a.      Tara pay damages adequate to compensate it for Tara's infringement of the patents in suit;

b.      that such damages be enhanced in light of Tara's willfulness;

c.      that the defendants be enjoined from further infringement of the patents in suit; and

d.      such further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ George C. Summerfield*
George C. Summerfield
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
(312) 755-4400
summerfield@stadheimgrear.com

*COUNSEL FOR PLAINTIFF*
*Ann Williams Group*

Date:  May 16, 2016